IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.   3:18-00250-02

TONYA LYNN THOMPSON

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Ms. Thompson's March 29, 2021 Motion for Compassionate Release (ECF No. 94). On March 30, 2021, the Court directed the United States to submit a response, and to obtain and file Ms. Thompson's medical records. On April 6, 2021, the United States timely submitted these materials in a Motion to Seal. For good cause shown, the Court **GRANTS** the Motion to Seal (ECF No. 96). Ms. Thompson's Motion is now ripe for review. For the reasons stated below, the Motion for Release is **DENIED**.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

Here, Ms. Thompson has demonstrated that she exhausted her administrative remedies by submitting copies of her requests and BOP's responses as exhibits to her motion. ECF No. 94-1, 2. Therefore, the Court may proceed to the merits of her argument that her health conditions create

a risk of serious complications from COVID-19 and establish an extraordinary and compelling reason for release.

Courts may reduce an inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c). During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Here, the Court finds that Ms. Thompson has not demonstrated an extraordinary or compelling reason for release because FPC Alderson is currently reporting zero inmates and a single staff member currently infected with COVID-19. https://www.bop.gov/coronavirus/index.jsp (last visited April 7, 2021). Moreover, although the Court is sympathetic to Ms. Thompson's concern about the virus, the Court finds that her medical conditions, hepatis C and obesity, are not sufficiently serious to justify release. There is no indication that BOP is unable to address her health concerns. To the contrary, her medical records reflect the BOP's treatment of her conditions and routine monitoring of her vitals. Thus, the Court **DENIES** her Motion for Compassionate Release (ECF No. 94).

The Court **DIRECTS** the Clerk to seal the records and to send a copy of this order to Defendant, counsel of record, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: April 8, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE